IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RANDALL DANE WOODRUFF, JR., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action No.** |
| | : | **7:04-CV-96 (HL)** |
| CHIEF JUDGE ARTHUR MCLANE, et al., | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

# ORDER

On April 27, 2005, Plaintiff filed a document entitled "Motion to Reconsider April 22, 2005 Order and April 8th Order" (Doc. 142). In addition to reconsideration, Plaintiff requests other forms of relief, including a request that his motion be construed as seeking recusal of the undersigned. For the reasons set forth below, all requested relief is denied.

## I.   Motions for Reconsideration

Plaintiff requests this Court to reconsider two of its previous orders. By filing Motions for Reconsideration, Plaintiff has violated this Court's restriction on Plaintiff's filings. In its Order entered on April 7, 2005, the Court stated, "Plaintiff shall not file anything in this case until he files his recast complaint, except Plaintiff may file: (1) other actions in federal court; (2) appeals from this case, if proper, to the Eleventh Circuit; (3) responses to motions filed by Defendants; (4) motions for clarification; or (5) a motion for recusal." The April 7, 2005, Order did not include Motions for Reconsideration. Thus, the Court disregards Plaintiff's requests for

reconsideration, as he has yet to file his recast complaint. Additionally, the Court may decide to take further action against Plaintiff for violating the April 7, 2005, Order.

## II.     Motion for Recusal

In addition to his requests for reconsideration, Plaintiff asks this Court to construe his motion as one for recusal. The April 7, 2005, Order allows Plaintiff to file a motion for recusal. Save sweeping invocations of the United States Constitution, Plaintiff failed to direct the Court to any law requiring recusal. Therefore, the Court shall canvass the options for Plaintiff. Two federal statutes govern recusal, 28 U.S.C.A. § 144 and § 455. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (discussing § 144 and § 455). Additionally, constitutional due process requires that every litigant have a fair trial before an impartial judge. See Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821-23 (1986). The Court shall deal with the statutory sources for recusal, beginning with § 455.

### A.     28 U.S.C.A. § 455

28 U.S.C.A. § 455 contains two provisions dealing with recusal. First, § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably questioned." 28 U.S.C.A. § 455(a) (West Supp. 2004). Second, § 455(b)(1) provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C.A. § 455(b)(1) (West 1993). The Court shall address each section in turn.

### 1. Section 455(a)

With respect to § 455(a), courts have consistently held that its purpose "'is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003), cert. denied, 540 U.S. 1149 (2004), (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988)). Thus, the standard that appellate courts apply when considering whether recusal was warranted "'is whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" Id. (quoting Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988)).

The Supreme Court of the United States noted that "[a] judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." Liteky v. United States, 510 U.S. 540, 556 (1994). Further, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" do not ordinarily warrant recusal. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Additionally, "adverse rulings alone do not provide a party with a basis for holding that the Court's impartiality is in doubt." Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001).

Here, Plaintiff alleges that this Court has engaged in *ex parte* communications with Defendants. To that extent, Plaintiff requests the Court to disclose all alleged *ex parte* communications between the Court and Defendants. Plaintiff believes that "maybe some of the

defendants called Judge Lawson's office and represented that they were the plaintiff." (Mot. at 7, Doc. 142.) Plaintiff also argues that the Court's "descriptions of the phone calls [made by Plaintiff] have prejudiced this case and have provided evidence that is false for the defendant to use in court." (Mot. at 13, Doc. 142.) Plaintiff argues that the undersigned is a "witness in the case" and has "personal knowledge of disputed evidentiary facts concerning the proceeding." (Mot. at 14, Doc. 142.) Plaintiff also requests permission to engage in discovery so that he can prove his claims of improper *ex parte* communications.

The Court rejects all of Plaintiff's arguments. Plaintiff has done nothing more than make broad unsubstantiated assertions of *ex parte* communications that have allegedly injected bias or prejudice into this case. These insinuations are mere speculation, conjecture, innuendo and baseless opinion, which are all insufficient grounds for recusal. As such, Plaintiff has failed to show that an objective, disinterested lay observer fully informed of the *facts* underlying the grounds on which recusal is sought would entertain a significant doubt about the undersigned's impartiality. Further, Plaintiff has failed to articulate any facts or submit any evidence that would support his claim of pervasive bias or prejudice. Moreover, by alleging that the undersigned is a witness in this case, Plaintiff attempts to create a false issue as basis for recusal. Therefore, the Court finds that Plaintiff has failed to show that recusal is warranted under § 455(a).

## 2. Section 455(b)(1)

Section 455(b)(1) requires recusal when a judge has "a personal bias or prejudice

concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C.A. § 455(b)(1) (West 1993). In Liteky, the Supreme Court explained that the terms "bias" or "prejudice," as used in § 455 "connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree." Liteky, 510 U.S. at 550.

Here, the undersigned has no disposition or opinion, favorable or unfavorable, toward Plaintiff or toward Defendants. Further, the undersigned has no knowledge specific to this case regarding disputed evidentiary facts that he ought not possess. Also, nothing the Court has said or done in this case evidences a personal bias or prejudice. Further, the Court is satisfied that no disinterested observer, fully informed of the foregoing facts, would entertain any doubts about the undersigned's impartiality. Therefore, the Court finds that there is no factual or evidentiary basis for recusal under § 455(b)(1).

### B.   Section 144

"Under § 144, a party must file 'a timely and sufficient affidavit' complaining of a trial judge's personal bias." Berger, 375 F.3d at 1227 (quoting 28 U.S.C.A. § 144 without citation). The Eleventh Circuit has refused to entertain a recusal under § 144 when the moving party failed to file an affidavit. Id. Here, recusal under § 144 is denied for two reasons.

First, Plaintiff's Motion was not accompanied by any affidavit, sufficient or otherwise, of personal bias. Second, even if Plaintiff had filed his affidavit, the Eleventh Circuit has held

that failing to demonstrate facts sufficient for recusal under § 455 can demonstrate an absence of facts sufficient for recusal under § 144.  Draper v. Reynolds, 369 F.3d 1270, 1281 (11th Cir. 2004).  The Draper court held that a motion for recusal failed under § 144 "for the same reasons it faile[d] under § 455," i.e. the movant "present[ed] no evidence that [the] Judge . . . harbored a personal bias or prejudice either against him or in favor of any adverse party." Id. at 1281. (internal quotation marks omitted).  Similarly, in this case Plaintiff failed under § 455 and has presented no evidence that the undersigned harbored a personal bias or prejudice either against him or in favor of any adverse party.  Therefore, Plaintiff fails in his efforts for recusal under § 144.

    **C.**    **Due Process**

With respect to the issue of recusal, the Supreme Court stated, "[O]nly in the most extreme of cases would disqualification . . . [under the Due Process Clause] be constitutionally required." Lavoie, 475 U.S. at 821.  Plaintiff has alleged no facts, that would rise to the level of a constitutional claim.  Thus, to the extent that Plaintiff asks for recusal based on the Due Process Clause, the request is denied.

Further, all other requested relief in Plaintiff's Motion (Doc. 142) is denied. So ordered, this the 2nd day of May, 2005.

        /s/ Hugh Lawson  
    **HUGH LAWSON**, Judge