IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **RANDALL DANE WOODRUFF, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **7:04-CV-96 (HL)** |
| **CHIEF JUDGE ARTHUR MCLANE,** : | |
| **et al.,** : | |
| : | |
| **Defendants.** : | |

# ORDER

This Court dismissed Plaintiff's case with prejudice on May 6, 2005, and judgment was entered on May 9, 2005. Since dismissal, Plaintiff, proceeding *pro se* and continuing in his established habit of prolific filing, has filed approximately 26 documents in this case. These documents total close to 500 pages. After analyzing a preliminary jurisdictional issue, the Court shall address many of the documents.

**I.     The Effect of Plaintiff's Notice of Appeal on this Court's Jurisdiction**

Plaintiff asked this Court to construe his Motion for Clarification (Doc. 185), filed on June 7, 2005, as a Notice of Appeal, which the Court construes as such. Consequently, under Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff timely filed a Notice of Appeal because his Notice was filed not later than 30 days after judgment was entered in this case. Therefore, the Court must determine what effect Plaintiff's Notice has on its jurisdiction to decide the post-judgment motions currently pending in this case.

Generally, filing a notice of appeal divests a district court of jurisdiction over a case. Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). However, this general rule regarding divestiture of jurisdiction does not apply to collateral matters not affecting the questions presented on appeal. Id. Therefore, the proper inquiry focuses on the questions Plaintiff will present on appeal. The answer to this inquiry, however, is not apparent because Plaintiff has not identified in his Notice the exact issues he wishes to appeal. Therefore, the Court cannot identify which of the current pending motions are collateral or would affect the questions presented on appeal.

Nevertheless, the jurisdictional issue is made easier by Federal Rule of Appellate Procedure 4(a)(4)(B)(i), which states the following:

> If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). The motions listed in Rule 4(a)(4)(A) that can suspend the effectiveness of a notice of appeal are motions: (i) for judgment under Rule 50(b); (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment; (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58; (iv) to alter or amend the judgment under Rule 59; (v) for a new trial under Rule 59; or (vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(B)(i).

Here, Plaintiff claims to have filed several motions that he believes have rendered his

Notice of Appeal ineffective so as not to deprive this Court of jurisdiction. Specifically, with no citation to relevant authority, Plaintiff makes the following argument:

> The plaintiff requested the court to allow plaintiff to respond to defendants [sic] Motion that the court interpreted as a Motion to Dismiss and for a Motion for Recusal which could be a Rule 50(b) motion. The court should interpret the Motion for Recusal and Motion for Perpetuation of Testimony are [sic] to amend or make additional factual findings under Rule 52(b)[.] The defendants have filed a Motion for Attorney Fees under rule 54 has [sic] been filed. Plaintiff has filed motions to amend the judgment under Rule 59. The motion for Recusal and Motion to Perpetuate Testimony should be considered a Motion for a new trial under Rule 59 and or relief under Rule 60.

(Plf's. Mot. Clar. . . at 5., Doc. 185.) While it is not necessary to address all Plaintiff's assertions set forth above, the Court does find that the effectiveness of Plaintiff's Notice of Appeal has been suspended in this case. This is because Plaintiff filed a Motion to Set Aside (Doc. 173) within the 10-day period in which one is required to file a motion to Alter or Amend Judgment under Rule 59(e), and the Court construes Plaintiff's Motion to Set Aside as a Rule 59(e) motion. Therefore, under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), this Court is not yet divested of jurisdiction and rules below on the pending motions in this case.

## II.     Motion for Recusal (Doc. 162)

On May 9, 2005, Plaintiff filed his second Motion for Recusal in this case. Initially, the Court must address an administrative concern. While this district court is a trial court, it is responsible for much more than the trial of cases. In addition to trials it conducts each year, it must decide substantive motions, take pleas and impose sentences in criminal matters, and exercise case management supervision over its criminal and civil dockets. These demands on

the Court's time require the imposition of rules that facilitate the Court in disposing of matters in an efficient manner. Thus, this Court, like most appellate courts and most other trial courts, has adopted page limitations on briefs in support of motions. Local Rule of Civil Procedure 7.4 states, "Except upon good cause shown and leave given by the court, all briefs in support of a motion . . . are limited in length to twenty (20) pages . . . . A party seeking permission to exceed these limitations shall do so by filing a written motion." Loc. R. Civ. P. 7.4. Plaintiff's brief in support of his Motion for Recusal totaled 57 pages in violation of Rule 7.4. Therefore, the Court would be justified in disregarding the brief (Doc. 164), and striking it from the record. Nevertheless, due to the serious accusations made by Plaintiff, the Court shall overlook this violation and address the Motion for Recusal below.

### A.  Recusal under § 144 is not warranted

Plaintiff appears to seek recusal under 28 U.S.C.A. § 144 because he has filed an affidavit entitled "Section 144 affidavit . . . for recusal." (Woodruff Aff. at 1, Doc. 163.) Plaintiff asserts that "A Motion for recusal can be filed at **any time including before, during and or after the case including even when the case has been adjudicated for final orders**." (Br. & Mem. . . at 5, Doc. 164) (emphasis in original.) Plaintiff cites several cases in his brief which he appears to believe support his assertion. Plaintiff does not have a clear understanding of the law in this area.

28 U.S.C.A. § 144 states the following regarding recusal:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending

>has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C.A. § 144 (West 1993).

The fact that § 144 applies to "pending" matters underscores that § 144 motions cannot be filed at anytime. To illustrate, the United States Court of Appeals for the Sixth Circuit has held, "A motion for recusal must be timely filed." Crowder v. Conlan, 740 F.2d 447, 454 (6th Cir. 1984). A timely filed § 144 motion is "required to prevent a party from awaiting the outcome before taking action." Id. (citing Davis v. Cities Serv. Oil Co., 420 F.2d 1278, 1282 (10th Cir. 1970); In re United Shoe Mach. Corp., 276 F.2d 77, 79 (1st Cir. 1960)); see also United States v. Rosenberg, 806 F.2d 1169, 1173 n.3 (3d Cir. 1986) (stating that movant had failed to file a motion meeting the requirements of § 144, but even if such a motion were filed, it would be untimely as the case had gone to trial and judgment had been entered).

In Crowder, for example, the movant waited to file his § 144 motion until 12 days after the district court had granted summary judgment. 740 F.2d at 454. The movant asserted that there was good cause for the delay because the claim of bias was raised "when first discovered and ... the [d]istrict [c]ourt had a duty to disclose such [bias] at the outset of litigation, even though in the Court's opinion, it would not influence the decision." Id. (internal quotation marks omitted). To support his claim of bias, the movant pointed to several comments of the district court in its memorandum opinions dismissing the movant's lawsuit. Id. The Crowder court rejected the movant's arguments, finding that the § 144 motion was untimely. Thus, the

time for filing a § 144 motion is not unlimited, and such a motion can be dismissed for being untimely.

Here, the Court denies Plaintiff's § 144 motion for three reasons. First, similar to Crowder, Plaintiff's § 144 motion is untimely because it was filed after the case had been dismissed and judgment had been entered. Second, the cases Plaintiff cites to support his assertion that he can file a § 144 motion at "anytime" are irrelevant. This is because the cases address recusal under § 455, which has more liberal timing constraints than § 144. Third, Plaintiff has already had an opportunity to address the recusal issue under § 144. However, in his previous attempt Plaintiff failed to file his § 144 affidavit. The failure was among the bases the Court used in denying Plaintiff's prior § 144 motion. Once again, the § 144 motion is denied. However, timing does not foreclose relief under § 455.

**B.     Recusal under § 455(a) is not warranted**

Plaintiff's Motion also fails under § 455(a). Section 455(a) states, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a) (West 1993 & Supp. 2004). Courts have consistently held that § 455(a)'s purpose "'is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003), cert. denied, 540 U.S. 1149 (2004) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988)). Thus, the standard that appellate courts apply when considering recusal under § 455(a) "'is whether an objective, disinterested

lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" Id. (quoting Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988)). The ordinary person is not unduly suspicious, United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998), nor is he hypersensitive regarding the risk that a judge may be biased. In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

The Supreme Court of the United States has stated that "[a] judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune," and thus do not require recusal. Liteky v. United States, 510 U.S. 540, 556 (1994). Further, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id. at 555. Indeed, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" are not grounds for recusal. Id. at 555-56. Additionally, recusal must be based on facts; "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" do not ordinarily warrant recusal. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Also, "adverse rulings alone do not provide a party with a basis for holding that the Court's impartiality is in doubt." Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001).

Here, Plaintiff makes many claims, none of which warrant recusal. First, Plaintiff claims

that the undersigned has "provided plaintiff with dubious looks" and that the undersigned has been not only "antagonistic," but also "rude, belligerent, mean, arrogant, belittling, and demeaning" toward Plaintiff.  (Woodruff Aff. at 2, Doc. 163.)  Second, Plaintiff has also had many rulings in this case that were adverse to him, which he attributes to an overarching state and federal conspiracy to deny *pro se* litigants access to the courts.  Third, Plaintiff alleges that the Court has altered official records, backdated orders, misrepresented facts about Plaintiff, made false allegations regarding Plaintiff, and that Defendants have ghostwritten orders for the Court in this case.  Fourth, Plaintiff alleges that the Court has engaged in *ex parte* communications which would require recusal.

An objective disinterested lay observer, fully informed of the facts, would not entertain serious doubt about the undersigned's objectivity under the allegations of the May 9, 2005, recusal motion.  First, while the undersigned disagrees with Plaintiff's perceptions, under Litkey, the undersigned's demeanor in court and Plaintiff's treatment by this Court do not warrant recusal under 455(a).  Plaintiff's treatment consists of judicial rulings, routine trial administration efforts, and ordinary admonishments to Plaintiff.  Second, the adverse rulings Plaintiff has received were based in the law and are well documented in the record, and Plaintiff has failed to demonstrate that this Court is involved in a conspiracy to deprive him of his rights. Additionally, the adverse rulings were based on information acquired during judicial proceedings, not otherwise, and the rulings of this Court displayed no deep-seated and unequivocal antagonism that would render fair judgment impossible.

Third, it is Plaintiff, not the Court, who has misrepresented facts. For example, under penalty of perjury, Plaintiff stated, "Judge Lawson **did not say** in the 2-24-2005 hearing that Judge Lawson allowed Pro-se litigants to call." (Woodruff Aff. at 3, Doc. 163) (emphasis in original). Additionally, under penalty of perjury, the same sentence was set forth in affidavits from Hellen Woodruff, Randall Woodruff, Sr., and Robert Johnson. (H. Woodruff Aff. at 4, Doc. 166; R. Woodruff, Sr. Aff. at 4, Doc. 168; R. Johnson Aff. at 2, Doc. 169.) The transcript of the February 24, 2005, hearing, however, reflects the following statement made by the undersigned, "I normally welcome communications from lawyers *or pro se litigants* because I find that if I can talk to people by telephone I can save a lot of time and move the business of the court along . . . ." (Feb, 24, 2005, Hr'g Tr. at 195) (emphasis added). Thus, it seems as though the recollections of the four affiants is incorrect. Further, regarding Plaintiff's semantic quibbling over what sort of relief was issued to him at the February 16, 2005, hearing, the transcript of that hearing and the Court's subsequent clarifications of its intentions at the February 24, 2005, hearing (Feb, 24, 2005, Hr'g Tr. at 194-95) speak for themselves.

Further, there is no evidence suggesting that the Court has: (1) altered official records; (2) backdated orders; or (3) misrepresented facts about Plaintiff or made false allegations regarding Plaintiff. Nor is there any evidence that Defendants have ghost-written orders for the Court in this case. The reason for this lack of evidence is that Plaintiff's allegations are frivolous, the product of an over-active imagination, and have no basis in or truth or fact. As such, they do not warrant recusal under § 455(a).

Fourth, Plaintiff misunderstands the law regarding *ex parte* communications as it relates to recusal. Plaintiff, in his many pleadings, invokes the sinister term "*ex parte* communications" and suggests that their mere existence causes a judge's impartiality to be reasonably questioned. This is incorrect. Generally, it is the content of an *ex parte* communication that may create a valid ground for recusal, not the mere fact a communication may have occurred. See In re Brooks, 383 F.3d 1036, 1043 (D.C. Cir. 2004); United States v. Angiulo, 897 F.2d 1169 (1st Cir. 1990) (In the context of *ex parte* communications with jurors, "Courts frequently examine the nature of the information provided through a challenged ex parte contact and are more likely to deem the contact harmless if the content of the communication does not pertain to substantive matters involved in the trial"); In re Green Rivers Forest, Inc., 190 B.R. 477, 482 (Bankr. M.D. Ga. 1995) ("Ex parte communications are determined by the content of the communication, not the proximity of the judge and the party or the fact that some form of dialogue occurred."). In addressing *ex parte* communications, this Court's Local Rules state, "A lawyer should avoid ex parte communications on the substance of a pending case with a judge (or his or her law clerk) before whom such a case is pending." (Local Rules, Standards of Conduct 9 at ix). Thus, it is noteworthy that Plaintiff alleges the existence of *ex parte* communications, suggests that those communications were somehow improper, yet fails to discuss any improper content of such conversations.

Addressing content in its May 2, 2005, Order, this Court stated that in the context of any *ex parte* communications it may have had with the parties "the undersigned has no knowledge

specific to this case regarding disputed evidentiary facts that he ought not possess." (Ord. at 5, Doc. 147.) The Court also stated, "Plaintiff has done nothing more than make broad unsubstantiated assertions of ex parte communications that have allegedly injected bias or prejudice into this case. These insinuations are mere speculation, conjecture, innuendo and baseless opinion, which are all insufficient grounds for recusal." (Ord. at 5, Doc. 147).

The statements quoted above do not deny the existence of any communication, even though Plaintiff has interpreted them as such. Rather, the Court has never denied that it has had innocuous communications regarding mere procedure or administrative minutiae with both parties which did not involve impermissible content. After consultation with the members of the undersigned's chambers staff who have had contact with either Plaintiff or Defendants, the Court knows of no communication that it, or any of its chamber's staff, has had with any party to this case which involved either a disputed evidentiary fact or the substance of this case, which is all this Court is required to set forth regarding Plaintiff's accusations. In re Brooks, 383 F.3d at 1043 (stating "[A judge] need not recall all that was discussed . . . ; he need only recall that the substance [of the proceeding] was not discussed.). Therefore, the Court denies Plaintiff's motion under § 455(a).

### C.     Recusal under 455(b)(1) is not warranted

Subsection 455(b)(1) requires recusal "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The Court incorporates its statements about its absence of personal bias and

the absence of personal knowledge of disputed evidentiary facts concerning the proceeding from its first Order regarding recusal (Doc. 147) and the statements regarding these issues in Section II, B of this Order. Thus, the Court denies Plaintiff's § 455(b) motion.

### IV. "Motion . . . for . . . Redress" (Doc. 170)

To the extent that Plaintiff's Motion for Redress (Doc. 170), requests the same relief set forth in his Motion for Recusal, it is denied as moot. To the extent that the Motion is a response to Defendants' requests for attorneys' fees, the arguments will be considered after the Eleventh Circuit has rendered an opinion in this case.

### V. "Motion for Leave of Court to Perpetuate Testimony . . ." (Doc. 171), supplemented by "Supplement to Motion . . . " (Doc. 172)

On May 19, 2005, Plaintiff filed a "Motion for Leave of Court to Perpetuate Testimony and Motion for Expedited Rule 11 Discovery" (Doc. 171) which totaled 17 pages. Plaintiff supplemented the motion the same day with a document (Doc. 172) totaling 5 pages, bringing the total number of pages to 22. Neither document was accompanied by a separate brief; thus, the Court assumes that Plaintiff, in order to comply with Local Rule 7.1, intended the collective documents to comprise his motion and brief.

This Court's Local Rules of Civil Procedure do not state that movants must file a "separate" brief in support of their motions. However, a problem exists when a movant files a single document that comprises a motion and a brief. The Court will not in engage in the artificial exercise of trying to determine what constitutes the brief and what constitutes the motion in order to determine whether Rule 7.4 has been violated by the brief portion of the

document.  Therefore, when a movant files a single document that comprises a motion and a brief, Rule 7.4 applies to the document as if it were the brief alone.  Plaintiff's motion and its supplement exceed Rule 7.4's page limit.  Therefore, the Court disregards the motion and its supplement.  Plaintiff's Motion (Doc. 171) and its supplement (Doc. 172) shall be stricken from the record.[1]

### VI. "Motion to Set Aside" (Doc. 173), "Amended Motion to Set Aside" (Doc. 174), and second "Amended Motion to Set Aside" (Doc. 184)

On May 23, 2005, Plaintiff filed his Motion to Set Aside (Doc. 173), which was unaccompanied by a brief in violation of Local Rule 7.1.  On May 25, 2005, Plaintiff filed an "Amended Motion to Set Aside" (Doc. 174), with which the Court assumes Plaintiff wished replace his May 23, 2005, Motion to Set Aside.  Therefore, the May 23, 2005, Motion to Set Aside (Doc. 173) is moot.

In the May 25, 2005, Amendment (Doc. 174), which totaled 25 pages, Plaintiff cited many pages of legal authority, leading the Court to believe that his motion and his brief were one and the same.  It appears, however, that assumption was incorrect, as the Amendment (Doc. 174) was also accompanied by a separate brief (Doc. 175) which totaled 61 pages.  Moreover, on June 7, 2005, Plaintiff amended his Motion to Set Aside again in a Motion (Doc. 184) that totaled 50 pages and included citation to legal authority, leading the Court to believe that his

---

[1]For the purposes of this Order, when the Court indicates that an item is to be stricken from the record, the Clerk is directed to edit the docket entry of the item to reflect that it has been stricken.  However, the electronic version of the item is not to be erased, for it might be needed on appeal.  Nor, is the physical version of the item to be deleted.

motion and brief were one and the same. Collectively and individually, these filings violate Local Rule 7.4. Therefore, the Court disregards the documents. The Amendment (Doc. 174), its brief (Doc. 175), and the second Amendment (Doc. 184) shall be stricken from the record.

**VII.   Plaintiff's Response/Motion (Doc. 177) and Brief (Doc. 182)**

On May 31, 2005, Plaintiff filed what he entitled a "Response" (Doc. 177) to Defendants' Motion for Attorney's Fees. Plaintiff's Response was also entitled a "Counterclaim" for Rule 11 Sanctions and Attorney/Judicial Disbarment. Therefore, Plaintiff's Response was also a motion which required a brief under Local Rule 7.1. On May 31, 2005, the Response/Motion did not include any citation to legal authority and was unaccompanied by a brief in violation of Local Rule 7.1. On June 6, 2005, Plaintiff filed what appears to be a brief (Doc. 182) in support of his May 31, 2005, Response/Motion. The brief totaled 50 pages in violation of Local Rule 7.4. Therefore, the Court disregards the brief. The Clerk shall strike the brief (Doc. 182) from the record. The underlying Response/Motion (Doc. 177) is now unaccompanied by a brief in violation of Local Rule 7.1; therefore, the Court disregards the Motion portion of the response, and the document (Doc. 177) shall be stricken from the record. When Defendants' Motion for Attorneys' Fees is considered, Plaintiff may re-file a brief in accordance with the Local Rules in support of his position.

**VIII.  Plaintiff's Response/Motion (Doc. 178) and Brief (Doc. 181)**

On May 31, 2005, Plaintiff filed what he entitled a "Response" (Doc. 178) to Defendants' Motion for Attorney's Fees. Plaintiff's Response was also entitled a "Motion and

Counterclaim" for Rule 11 Sanctions and Attorney/Judicial Disbarment. Therefore, Plaintiff's Response was also a motion which required a brief under Local Rule 7.1. On May 31, 2005, the Response/Motion did not include any citation to legal authority and was unaccompanied by a brief in violation of Local Rule 7.1. On June 3, 2005, Plaintiff filed what appears to be a brief (Doc. 181), which, seems to support the Response/Motion. The brief totaled 30 pages in violation of Local Rule 7.4. Therefore, the Court disregards the brief. The Clerk shall strike the brief (Doc. 181) from the record. The underlying Response/Motion (Doc. 178) is now unaccompanied by a brief in violation of Local Rule 7.1; therefore, the Court disregards the Motion portion of the response, and the document (Doc. 178) shall be stricken from the record. When Defendants' Motion for Attorneys' Fees is considered, Plaintiff may re-file a brief in accordance with the Local Rules in support of his position.

### IX.   Plaintiff's Letter to the Court (Doc. 183)

On June 6, 2005, Plaintiff filed a letter with the Court. To the extent the letter can be construed as a motion dealing with Plaintiff's "Motion for Leave of Court to Perpetuate Testimony . . ." (Doc. 171) and "Supplement to Motion . . . " (Doc. 172), it is moot by virtue of the Court's disposition of those motions in Section V of this Order.

### X.   "Motion for Clarification . . ." (Doc. 185)

On June 7, 2005, Plaintiff filed a Motion for Clarification, which also included a request for an extension of time to file an appeal and a motion for permission to file documents electronically. The Court believes that this Order renders Plaintiff's Motion for Clarification

moot. Further, the request for extension of time in which to file an appeal is now moot because Plaintiff has already set the appellate machinery into motion by filing his notice of appeal, and the entry of this Order disposing of the Rule 59(e) motion finalizes the effectiveness of Plaintiff's Notice of Appeal.

Also, Plaintiff requests to have access to this Court's case management/electronic filing system. This issue is not properly before the Court. The Court does not believe that this issue has ever been part of Plaintiff's many complaints or their amendments. Further, Plaintiff's case has been dismissed, and he has filed his Notice of Appeal. The Court declines to entertain the issue.

### XI. Letter from Plaintiff to Court Reporter (Doc. 186)

For reasons unknown to the Court, Plaintiff has filed a letter that he wrote to this Court's Court Reporter. The letter is not addressed to the Court or any other party to this case; it is not a pleading or motion of any apparent kind; it requested no relief from the Court. The letter was not an attachment to another document nor does the document set forth any reason for its filing. The Court has no idea why this letter was filed. This Court's case file is not Plaintiff's personal filing system for anything he wishes to store for a later date. The Court will not tolerate having its case management systems deluged with Plaintiff's unnecessary clutter. The Clerk shall strike the letter from the record.

### XII. "Motion to Extend Time . . ." (Doc. 188)

Plaintiff's Motion for an extension of time is rendered moot by this Order. To the extent

Plaintiff's desires to supplement his Response/Motion (Doc. 178), the supplement is moot by virtue of the Court's disposition of Plaintiff's Response/Motion in Section VIII of this Order. To the extent that the Motion seeks the Court to compel Defendants to produce documents, the request is denied, as it is unaccompanied by any citation to legal authority in violation of Local Rule 7.1. Therefore, the Motion (Doc. 188) shall be disregarded and shall be stricken from the record.

## XIII.  CONCLUSION

Now that Plaintiff's Rule 59(e) Motion has been decided, Plaintiff's Notice of Appeal has now become effective under Federal Rule of Appellate Procedure 4(a)(4)(B)(i). Thus, the Court is now without jurisdiction to decide matters pertaining to Plaintiff's appeal. Consequently, if Plaintiff files any document that this Court is without jurisdiction to entertain, it shall be returned to Plaintiff without comment.

So ordered, this the 22nd day of June, 2005.

      /s/ Hugh Lawson
**HUGH LAWSON**, Judge