# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**RANDALL DANE WOODRUFF, JR.,** :
:
    Plaintiff, :
:
v. : Civil Action No. 7:04-cv-96 (HL)
:
**CHIEF JUDGE ARTHUR McLANE,** :
**et al.,** :
:
    Defendants. :
_____

## ORDER

By Order entered January 19, 2006, this Court found that Plaintiff, Randall Dane Woodruff, Jr., had demonstrated bad faith by filing numerous voluminous documents after his case was dismissed. The Court directed Defendants to submit billing statements and affidavits showing the attorneys fees incurred by them after May 9, 2005. The Court also gave Plaintiff, who was at the time proceeding pro se, the opportunity to challenge the reasonableness of the fees sought and to present argument concerning his ability to pay a fee award.

As directed, Defendants submitted statements showing the attorneys fees incurred by them. Defendants Sam Dennis and Gregory, Christy, Maniklal & Dennis, LLP requested attorneys fees in the amount of $1750.00, a total of 8.75 hours, at a rate of $200.00 an hour. The Attorney General's Office, representing Defendants McLane, Horkan, Stanfill, Hamil, Chamblee, Lane, Clark, & Cato, requested attorneys fees in the amount of $5468.00, a total of 27.34 hours, at a rate of $200.00 an hour.

After Defendants filed their statements and affidavits, Plaintiff retained counsel to represent him. Counsel for Plaintiff received an extension of time in which to respond on Plaintiff's behalf. On April 10, 2006, Plaintiff filed an opposition to Defendants' requests for attorneys fees. Among other things, Plaintiff contends that discovery is necessary to determine the reasonableness of the time spent and rates charged by Defendants' attorneys. Counsel for Plaintiff also maintains that as a layman, Plaintiff had no appreciation for the fact that his pleadings may have been excessive or duplicitous or that they had the effect of being harassing.

The Court finds Plaintiff's arguments to be unpersuasive. The contention that Plaintiff, as a layman, was unaware of the effect of his filings carries no weight because Plaintiff had been advised repeatedly by the Court that his filings were excessive. Plaintiff was admonished as early as February of 2005 that his pleadings were "abusive, obstructionist, and harassing." (Order of Feb. 17, 2005 at 4.) At that time, Plaintiff was prohibited from filing any additional pleadings other than a recast complaint. (Order of Feb. 17, 2005 at 4.) At one point in the proceedings, the Court referred to Plaintiff's filings as a "convoluted mess." (Order of Mar. 8, 2005 at 3.) Later, the Court referred to Plaintiff's filings as "a deluge of motions and documents." (Order of Apr. 7, 2005 at 3.) In the same Order the Court explained that it was attempting to curb Plaintiff's "frantic filings." (Order of Apr. 7, 2005 at 8.)

Despite numerous admonishments from the Court concerning his excessive filings, Plaintiff continued to file harassing pleadings with the Court. Yet, Plaintiff failed to file the one pleading that the Court repeatedly instructed him to file: an amended complaint. Thus, the Court dismissed Plaintiff's case with prejudice on May 6, 2005. In the Order of May 6, 2005,

the Court detailed its attempts to limit Plaintiff's filings, and noted Plaintiff's "shocking disregard for the Court's April 7, 2005, filing restriction." (Order of May 6, 2005 at 5.) Even after the sanction of dismissal was imposed, and the Court's displeasure with Plaintiff's conduct was once again made known to him, Plaintiff continued his harassing filings in this Court.

In short, the Court declines to accept counsel's argument that Plaintiff, as a layman, failed to appreciate that his conduct was wrongful. Plaintiff had been advised repeatedly by this Court that his filings were excessive, harassing, and duplicitous. Plaintiff chose to disregard the Court's directives even before the case was dismissed when he continued to file documents. After his case was dismissed, Plaintiff's vexatious conduct only intensified. The Court absolutely refuses to excuse conduct that it continues to perceive as having been undertaken in bad faith.

With respect to Plaintiff's contention that the amount of fees sought is unreasonable, and that he should be allowed the opportunity to conduct discovery on the issue of the reasonableness of the fees, said request is denied. Furthermore the Court finds the amount of fees sought to be reasonable. As the Court noted in its Order granting an award of attorneys fees, Plaintiff filed more than 25 documents after judgment was entered, some of which numbered 50 or 60 pages. (Order of January 19, 2006 at 8.) At a minimum, counsel for Defendants had an obligation to read and study these filings in order to determine what, if any, response was required on behalf of their clients. Counsel also had a right, perhaps an obligation, to communicate with their clients as to the nature of the filings received from Plaintiff.

The Court has spent hours of its own reviewing the documents that Plaintiff has filed in this case. The Court knows from its own experience that Plaintiff's pleadings suffer from an excess of verbiage. Consider, for example, the 50-page document filed by Plaintiff on June 7, 2005, and titled as follows: "Procedural History of the 2-17-05 Injunctive Order and Amended Brief in Support of: Amended Motion to Set Aside Due to Fraud and the Court has Perpetuated a Void Judicial Decision; Amended Motion to Reconsider and Amend and or Alter the Order of Dismissal; Amended Motion to Allow the Plaintiff to Exercise 14th Amendment Due Process Rights and Rights Enjoyed by Other Non Pro-Se Litigants." (Doc. 184) The Court does not consider it at all unreasonable that counsel for Defendants would have used 27 hours of time in which to absorb materials like these and decide what, if any, action to take based upon them. Moreover, the Court finds that the hourly rate of $200.00 sought by all counsel is reasonable.

With respect to Plaintiff's argument that a fees award to the Attorney General, as counsel for Defendants McLane, Horkan, Stanfill, Hamil, Chamblee, Lane, Clark, & Cato, is governed by the terms of the Freedom of Information Act ("FOIA"), the Court disagrees. Plaintiff made his Open Records Act and FOIA requests a part of this case when he filed them with the Court. It is therefore reasonable for counsel for Defendants to include the hours spent reviewing the Open Records Act and FOIA filings as time spent in furtherance of this case. Only after reviewing the documents could counsel know in what way, if at all, the filings pertained to the issues in this case. Plaintiff may have erred by making his Open Records Act and FOIA requests a part of this case, but his filing error does not in any way alter the fact that counsel for Defendants were obliged to labor over the documents on their clients' behalf in the context of

this case.

Finally, the Court notes that Plaintiff has not offered any information regarding his ability to pay an award of attorneys fees. In the absence of any evidence suggesting that Plaintiff would be unable to pay the fee awards sought, the Court will assume that Plaintiff has no impediment to payment of the fee amounts at issue here.

In view of the foregoing, therefore, Plaintiff, Randall Dane Woodruff, Jr., is hereby directed to pay the sum of $1750.00 to the law firm of Gregory, Christy, Maniklal & Dennis, LLP and is further directed to pay the sum of $5468.00 to the State Law Department. Payment is to be made not later than 30 days from the date of entry of this Order. The Clerk is directed to enter judgment on this attorneys fee award. There being no other matters pending, the Clerk is directed to close the case.

**SO ORDERED**, this the 1st day of June, 2006.

> **s/    Hugh Lawson**
> **HUGH LAWSON, JUDGE**