IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**RANDALL DANE WOODRUFF, JR.,** :
                                                    :
    Plaintiff,                     :
                                                    :
v.                               :     Civil Action No. 7:04-cv-96 (HL)
                                                    :
**CHIEF JUDGE ARTHUR McLANE,** :
**et al.,**                           :
                                                  :
    Defendants.           :
_____

## **ORDER**

This matter came before the Court for a status conference on November 20, 2006. Shortly before the status conference was scheduled to begin Plaintiff filed a Motion for Recusal (Doc. 231). Plaintiff contends recusal is warranted pursuant to 28 U.S.C. § 455 because he filed a complaint of judicial misconduct against the undersigned on August 10, 2005. The Court, having considered the Motion for Recusal, and as more fully set forth below, denies the same.

Section 455 specifies the circumstances under which a judge is required to disqualify himself from a proceeding. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a) (West 2006). Section 455(b)(5) further provides that a judge shall disqualify himself where he is a party to the proceeding. 28 U.S.C.A. § 455(b)(5) (West 2006). Woodruff contends that either provision mandates recusal.

With respect to § 455(a), courts have consistently held that its purpose "'is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865, 108 S. Ct. 2194 (1988)). Thus, the standard that appellate courts apply when considering whether recusal was warranted "'is whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" Id. (quoting Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988)).

However, courts have also consistently held that a judge is not disqualified pursuant to § 455 "merely because a litigant sues or threatens to sue him." *See, e.g.,* United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977). As the United States Court of Appeals for the Seventh Circuit recently suggested, a per se rule of disqualification under such circumstances "would allow litigants to judge shop by filing a suit against the presiding judge." In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005).

In the Court's view, the same rationale applies to the filing of a judicial complaint. Just as litigants should not be allowed to force a particular judge off a case by suing or threatening to sue the judge, neither should litigants be allowed to force a judge off a case by filing a judicial complaint. Moreover, as the appellate court noted in Taylor, "suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit." Id. at 652. Certainly this Court harbors no bias toward Plaintiff because of his filing of a judicial complaint. The rules of the Eleventh Circuit

provide for the filing of judicial complaints and this Plaintiff, just like any other, is entitled to exercise his right to file under those rules. *See generally* Rules of the Eleventh Circuit, Addendum III, Rules of the Judicial Council of the Eleventh Circuit Governing Complaints of Judicial Misconduct or Disability. However, the filing of the judicial complaint should not serve as a basis for recusal on the underlying case. As the Seventh Circuit has noted in a related context, a litigant may not "*create* the ground on which he seeks the recusal of the judge assigned to his case." Sullivan v. Conway, 157 F.3d 1092, 1096 (7th Cir. 1998).

In addition to arguing that the undersigned should recuse because of the filing of the judicial complaint, Plaintiff maintains that the undersigned must disqualify himself because the filing of the judicial complaint has made him a party to the proceeding for purposes of § 455(b)(5)(i). The Court finds this contention to be without merit. To hold that the filing of a judicial complaint makes the judge a party to the underlying proceeding that gave rise to the complaint would be the equivalent of creating a per se rule of disqualification–a result that could lead to abusive and frivolous filings of judicial complaints.

The purpose of a judicial complaint is to enable an appellate court to investigate whether a judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts or is unable to discharge all the duties of office." Rules of the Eleventh Circuit, Addendum III, preface (internal quotations omitted). The judicial complaint is not intended to "provide an alternative means of obtaining review of judicial decisions thought to be erroneous" and a complaint that is directly related to the merits of a decision or procedural ruling should be dismissed. Id. A judicial complaint operates independent of the

underlying case. It would thus strain the definition of "party," as that term is used in § 455(b)(5), to say that the judge has become a party because of the filing of a judicial complaint related to the underlying cause of action. Moreover, requiring recusal under such circumstances would invite "arrant judge-shopping." Sullivan, 157 F.3d at 1096.

In sum, the Court finds there is no basis for recusal under the circumstances present here. Accordingly, the Motion for Recusal (Doc. 231) is denied.

In addition to the foregoing, counsel for Plaintiff, Chevene B. King, Jr., is rebuked for the following reason. The Motion for Recusal at issue here was filed on the morning of the hearing. When asked about the late-filing of the Motion, counsel for Plaintiff stated at the hearing, in open court, that he was late in filing the Motion because he had only learned very recently of the complaint that was the basis of the Motion to Recuse. However, a Financial Affidavit (Doc.228) filed by Plaintiff's counsel on September 25, 2006, on Plaintiff's behalf, states on its face that a complaint had been filed by Plaintiff against the undersigned, and plainly shows that counsel for Plaintiff was aware, or in the discharge of his duties should have known, that the complaint was pending. The credibility of counsel in defending his late-filing of the Motion to Recuse is thus called into question and decided against him.

**SO ORDERED**, this the 29th day of November, 2006.

                                                  **s/   Hugh Lawson**
                                                  **HUGH LAWSON, JUDGE**

mls